IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DONALD THOMAS SHARP,

    Plaintiff,

vs.                                                                                    No. CIV 21-0828 JB/SMV

CENTERS FOR DISEASE CONTROL AND
PREVENTION;
BILL GATES and
PRESIDENT BARACK OBAMA,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Donald Thomas Sharp's refusal to comply with the statutory filing fee requirements in connection with his Civil Complaint, filed August 25, 2021. See Civil Complaint, filed August 25, 2021 (Doc. 1)("Complaint"). The Honorable Stephan Vidmar, United States Magistrate Judge for the United States District Court for the District of New Mexico, directed Sharp to prepay the $402 civil filing fee, or alternatively, file a motion to proceed in forma pauperis. See Order to Cure Deficiency, filed August 26, 2021 (Doc. 2)("Cure Order"). Because Sharp explicitly refused to comply, and having reviewed applicable law and the record, the Court will dismiss the Complaint without prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

Sharp is a federal pretrial detainee at the Cibola County Correctional Institution ("CCCI") See Complaint at 6. He initiated this case on August 25, 2021. See Complaint at 1. The Complaint alleges the Centers for Disease Control ("CDC"), Bill Gates, and former President Barack Obama "are perpetrating a genocide" because "COVID-19 . . . does not exist." Complaint at 1. Sharp seeks the "immediate arrest" of those Defendants along with, inter alia, $10 billion in

damages from each Defendant.  <u>See</u> Complaint at 4.  The instant Complaint is one of at least forty-one civil complaints that Sharp filed in the past six months.  <u>See</u> <u>Sharp v. New Mexico</u>, 2021 WL 4820736, at *3 (D.N.M. Oct. 15, 2021)(Johnson, J.)(listing each filing).  Sharp failed to prepay the $402 filing fee in the instant case or submit a motion to proceed in forma pauperis, as 28 U.S.C. § 1915(a) requires.  <u>See</u> 28 U.S.C. § 1915(a)(permitting courts to "authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor").  Sharp acknowledges the filing fee requirement in a letter attached to the Complaint.  He states: "I have less than $1,000.  I have a public defender and an EBT card.  I should not have to prove this every single time I file a claim.  IT IS STUPID!"  Complaint at 5.

On August 26, 2021, Magistrate Judge Vidmar entered the Cure Order, which addresses the above argument and explains § 1915's requirements.  The Cure Order states:

> Plaintiff's construction of § 1915 is contrary to federal law. Section 1915 is designed "to reduce . . . prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees." <u>Cosby v. Meadors</u>, 351 F.3d 1324, 1327(10th Cir. 2003) (quotations omitted). Congress determined that prisoners must "bear some marginal cost for each legal activity." <u>Id.</u> (quotations omitted). Accordingly, § 1915 "calls for assessment of 'an initial partial filing fee' each time a prisoner 'brings a civil action,'" and the Court must collect "'monthly payments of 20 percent of the preceding month's income' simultaneously for each action pursued." <u>Bruce v. Samuels</u>, 577 U.S. 82, 89–90 (2016) (emphasis added).
>
> Plaintiff must prepay the filing fee or file a motion to proceed in forma pauperis no later than September 27, 2021. Any in forma pauperis motion must attach a copy of Plaintiff's six-month inmate account statement. The Court will use that statement to assess an initial partial payment of "20 percent of the greater of—(A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1). "[T]he initial partial filing fee" will "be assessed on a per-case basis, i.e., each time [Plaintiff] files a lawsuit." <u>Bruce</u>, 577 U.S. at 84. Thereafter, Plaintiff must pay 20% of his monthly income until the filing

fee is paid in full, in each case. Id. at 90. All filings must include the case number (21-cv-0828 JB/SMV). The failure to timely comply with this Order will result in dismissal of this case without further notice.

Cure Order at 1-2.

The Clerk's Office mailed the Cure Order to Sharp's address of record at CCCI. The United States Postal Service ("USPS) initially returned the Cure Order as undeliverable. See Mail Returned as Undeliverable, filed September 7, 2021 (Doc. 4). The Clerk's Office remailed the Cure Order on October 7, 2021. See Staff Note, entered October 7, 2021. Sharp received the Cure Order on the second mailing, and on October 22, 2021, he filed an Objection to the Cure Order. See Objection to Order to Cure Deficiency, filed October 18, 2021 (Doc. 6)("Objection"). In the following months, Sharp also filed a Motion to Enter Evidence of Criminal Activity and the Solution to Eliminate It; a Motion for Summary Judgment; a proposed Order Granting Summary Judgment; and a proposed Order for Injunctive Relief. See Motion to Enter Evidence of Criminal Activity and the Solution to Eliminate It, filed October 22, 2021 (Doc. 7); Motion for Summary Judgment, filed October 29, 2021 (Doc. 8); proposed Order Granting Summary Judgment, filed January 11, 2022 (Doc. 9); and proposed Order for Injunctive Relief, filed January 28, 2022 (Doc. 10). To date, Sharp has not prepaid the $402 filing fee, filed a properly supported in forma pauperis motion, or otherwise complied with the Cure Order. The Court, therefore, will analyze whether to dismiss this action for failure to prosecute and comply with the Cure Order.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); see also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("'A district court undoubtedly

has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.'")(quoting Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002)). As the Tenth Circuit explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation ...." See Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders." Olsen v. Mapes, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice." Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009). If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Center, 492 F.3d 1158, 1162 (10th Cir. 2016). Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy – the death penalty of pleading punishments – [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Center, 492 F.3d at 1162. Those criteria include: the degree of actual prejudice to the defendant; the amount of interference with the judicial process; the culpability of the litigant; whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions. See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Center, 492 F.3d at 1162.

Sharp has not prepaid the $402 filing fee, filed a properly supported in forma pauperis motion, or otherwise complied with the Cure Order. Instead, he filed an Objection arguing:

  (i)  The Cure Order is "evidence of this court['s] corruption and its attempts to obstruct justice . . . ."

  (ii)  The Court is attempting to "collect[] unlawful debts in violation of the RICO Act."

  (iii)  Magistrate Judge Vidmar has no "authority in his office/bench," because he is "a British Accreditation Registry [BAR] member and is loyal to the BAP and Britain." Bar members allegedly hold titles of British nobility, which preclude them from obtaining U.S. citizenship or holding office in the United States.

  (iv)  Paying debts, including the civil filing fee, is "against public policy," and declining to "discharge" the filing fee is tantamount to treason, fraud, and racketeering.

Objection at 1-2. The Objection also refers to mandamus relief and "demands" that Magistrate Judge Vidmar and/or the Court "transfer this case to the Pentagon." Objection at 2.

  These arguments are facially frivolous and are commonly used by sovereign citizens. See, e.g., Westfall v. Davis, 2018 WL 2422058, at *3 (N.D. Tex. May 4, 2018)(dismissing complaint where plaintiff, a sovereign citizen, claimed "all lawyers and judges are British nobility"); In re Hardee, 2021 WL 1186477, at *2 n. 2 (Bankr. N.D. Ga. Mar. 26, 2021)(describing the sovereign citizen ideology that the "U.S. Government [is] ultimately responsible for satisfaction of . . . [citizens'] debts"); Leiter v. Nickrenz, 2016 WL 7191614, at *2 (D. Minn. Dec. 12, 2016)(noting sovereign citizen theory that the "the Treasury Department[ ] was responsible for [litigant's] debt"). Sharp's arguments in the Objection do not excuse him from complying with 28 U.S.C. § 1915.[1]

---

[1]To the extent the Objection seeks mandamus relief—i.e., an order directing Magistrate Judge Vidmar to transfer to the Pentagon—such relief is denied. To obtain mandamus relief under 28 U.S.C. § 1361, the plaintiff "must establish (1) that he has a clear right to relief, (2) that the respondent's duty to perform the act in question is plainly defined and peremptory, and (3) that he has no other adequate remedy." Rios v. Ziglar, 398 F.3d 1201, 1206 (10th Cir. 2005) (citing Johnson v. Rogers, 917 F.2d 1283, 1285 (10th Cir. 1990)). None of these circumstances are met, and the docket reflects no breach of duty by Magistrate Judge Vidmar. The "drastic" and

Courts may dismiss a civil case where, as here, the plaintiff refuses to prepay the fee or provide the necessary financial statements to support in forma pauperis relief under § 1915. See Salazar v. Arapahoe Cnty. Det. Facility, 787 F. App'x 542, 543 (10th Cir. 2019)(unpublished)[2](affirming dismissal order where "none of [plaintiff's] letters addressed the inmate account statement or explained his failure to comply with the ordered deadline"); Sheptin v. Corr. Healthcare Mgmt. Contractor Co., 288 F. App'x 538, 540-41 (10th Cir. 2008)(unpublished)("district court did not abuse its discretion by dismissing [Plaintiff's] action without prejudice based upon his failure to comply with … order to submit his . . . six-month account statement"); Gonzales v. Bernalillo Cnty. Dist. Ct., 640 F. App'x 759, 762 (10th Cir. 2016)(unpublished)(same).

Based on this authority and Sharp's refusal to comply with § 1915 in this (or any) case, the Court will dismiss Sharp's Civil Complaint, filed August 25, 2021 (Doc. 1), pursuant to rule 41(b)

---

"extraordinary" remedy of mandamus is therefore not appropriate. Kerr v. United States District Court, 426 U.S. 394, 402 (1976)(citations omitted).

[2]Salazar v. Arapahoe Cnty. Det. Facility is an unpublished opinion, but the Court can rely on an Tenth Circuit unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A)("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . And we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that Salazar v. Arapahoe Cnty. Det. Facility, Sheptin v. Corr. Healthcare Mgmt. Contractor Co., 288 F. App'x 538 (10th Cir. 2008), Gonzales v. Bernalillo Cnty. Dist. Ct., 640 F. App'x 759 (10th Cir. 2016), have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

of the Federal Rules of Civil Procedure for failure to prosecute.  See Olsen v. Mapes, 333 F.3d 1199 at 1204.   The dismissal will be without prejudice, after considering the factors in Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Center.   The Court will deny as moot Sharp's remaining Motions, including his Motion to Enter Evidence of Criminal Activity and the Solution to Eliminate It, filed October 22, 2021 (Doc. 7), and Motion for Summary Judgment, filed October 29, 2021 (Doc. 8).  The Court also declines to enter Sharp's proposed Order Granting Summary Judgment, filed January 11, 2022 (Doc. 9), and proposed Order for Injunctive Relief, filed January 28, 2022 (Doc. 10), and the Clerk's Office shall terminate any pending motion notations associated with those proposed Orders.

**IT IS ORDERED** that: (i) the Plaintiff's Motion to Enter Evidence of Criminal Activity and the Solution to Eliminate It, filed October 22, 2021 (Doc. 7), is denied as moot; (ii) the Plaintiff's Motion for Summary Judgment, filed October 29, 2021 (Doc. 8), is denied as moot; (iii) the Plaintiff's proposed Order Granting Summary Judgment, filed January 11, 2022 (Doc. 9), shall not be entered; (iv) the Plaintiff's Order for Injunctive Relief, filed January 28, 2022 (Doc. 10), shall not be entered; (v) the Clerk's Office shall terminate all pending motion notations associated with Sharp's proposed orders; (vi) the Plaintiff's Civil Complaint, filed August 25, 2021 (Doc. 1), is dismissed without prejudice; and (vii) the Court will enter a separate Final Judgment disposing of this civil case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Donald Thomas Sharp
Milan, New Mexico

    *Plaintiff pro se*